UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


JOHN DAVID LEE                                                          PLAINTIFF


v.                                                     CIVIL ACTION NO. 3:11-CV-00607


STEPHEN M. GEORGE, Justice of
Circuit Court, Family Division Nine (9),
Jefferson County, Kentucky                                              DEFENDANT


## MEMORANDUM OPINION


This matter is before the court on the following seven motions: (1) a motion by defendant Judge Stephen M. George to dismiss the complaint (DN 4); (2) a motion by plaintiff John David Lee to strike Judge George's motion to dismiss (DN 7); (3) a motion by Lee to enter a default judgment in his favor (DN 6); (4) a motion by Lee for emergency injunctive relief (DN 13); (5) a motion by Lee for additional review for declaratory relief and injunctive relief (DN 17); (6) a motion by Lee to issue a subpoena duces tecum for the medical records of himself and his minor children (DN 8); and (7) a motion by Lee for leave to file documents electronically (DN 12). Responses have been filed for some of those motions, and for the others the time to file responses has passed. Thus, those seven motions are now ripe for this court's review. For the reasons stated herein, Judge George's motion to dismiss the complaint will be granted and all of Lee's motions will be denied.

### BACKGROUND

On October 31, 2011, Lee filed a complaint in this court against Judge George, a judge of the Family Division of the Jefferson County, Kentucky, Circuit Court. Lee takes issue with various orders issued by Judge George, who has been presiding over divorce and child custody

proceedings between Lee and his ex-wife, Jill Stanley. Specifically, Lee argues that: (1) an October 5, 2011, order stating that he shall not interfere with Stanley's business or professional relationships violated his First Amendment rights; (2) a November 29, 2010, order prohibiting Lee from filing any complaint or action on behalf of himself or his children violated his 14th Amendment rights; (3) a May 20, 2011, order for Lee to dismiss a complaint he filed on behalf of himself and his children for medical malpractice, negligence, and fraud violated his 14th Amendment rights; (4) a June 8, 2011, order sentencing Lee to thirty days in jail for contempt for failing to comply with the May 20 order to dismiss the complaint violated his Fourth Amendment rights; (5) an April 29, 2010, order prohibiting Lee from obtaining records from any court-appointed expert without a valid order form a court violated his 14th Amendment rights; (6) a July 20, 2010, order stating that the court had reviewed medical records from Lee's children's former therapist that Lee had subpoenaed, had found the records to be irrelevant, and had shredded the records violated Lee's 14th Amendment rights; and (7) two orders, dated January 26, 2010, and October 11, 2010, awarding Stanley attorney's fees violated the terms of an automatic stay of execution entered in Lee's bankruptcy proceeding. Lee seeks declaratory relief that Judge George violated the First, Fifth, and Fourteenth Amendments of the Constititution and the automatic stay of execution entered in Lee's bankruptcy proceeding. He further seeks a permanent injunction prohibiting enforcement of Judge George's orders and disqualifying Judge George from further involvement in any matter involving Lee.

On November 23, 2011, Judge George moved to dismiss Lee's complaint. Judge George asserted that he was entitled to sovereign immunity under the Eleventh Amendment, that the

*Rooker-Feldman* doctrine barred Lee's claims, and that Lee had failed to state a claim or show that a justiciable controversy exists.

Lee filed a motion to strike Judge George's motion to dismiss and a motion to enter default judgment in Lee's favor. Those motions were both premised on Lee's assertion that he properly served summons on Judge George on October 31, 2011, making Judge George's November 23, 2011 motion to dismiss untimely.

Lee thereafter filed a motion for emergency injunctive relief to disqualify Judge George from any matter involving Lee. Lee argued that the emergency injunctive relief was warranted because Judge George violated his 4th and 14th Amendment rights by issuing a December 15, 2011, order finding that Lee was in contempt of court without holding an appropriate hearing. Lee also complained that the same order allegedly reduced his visitation time with his children.

On February 21, 2012, Lee filed a motion for additional review for declaratory relief and injunctive relief, seeking, in essence, to add allegations and claims to his original complaint. In his motion, Lee alleged that he had filed a motion with the Kentucky Supreme Court to disqualify Judge George, but Judge George had nevertheless continued to hear, and rule on, a motion by Stanley to extend an order of protection against Lee for three additional years. According to Lee, that was improper because Judge George lost jurisdiction by virtue of the motion to disqualify. Lee also claimed that Judge George extended the order of protection in retaliation for Lee filing this action against Judge George and other legal actions against various parties in the divorce case. Lee sought a declaratory judgment that Judge George, in hearing and granting the motion for an extension of the order of protection, had violated Lee's 14th

Amendment rights. Lee also sought a permanent injunction prohibiting enforcement of the order extending the order of protection.

Finally, Lee has filed two more motions that remain pending: a motion to issue a subpoena for the medical records of himself and his minor children, and a motion for leave to file documents electronically.

### LEE'S MOTION TO STRIKE AND MOTION FOR DEFAULT JUDGMENT

First, we will turn to Lee's contention that Judge George's motion to dismiss should be stricken and a default judgment should be entered in Lee's favor because Judge George did not file a motion to dismiss or an answer to Lee's complaint within 21 days after being served with the complaint. Lee asserts that he filed his complaint with the clerk of this court on October 31, 2011, and that he served Judge George that same day by depositing a copy of the complaint with the Jefferson County Circuit Clerk, Family Division. Judge George filed his motion to dismiss on November 23, 2011, 23 days after Lee claims he served Judge George. In response, Judge George argues that he was never properly served, and thus his motion to dismiss was not untimely.

Lee's motions to strike and for default judgment will be denied, as he has not shown that he has properly effected service. It is the plaintiff's burden to perfect service of process and to show that proper service was made. *See Sawyer v. Lexington-Fayette Urban County Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). Under Rule 4(e) of the Federal Rules of Civil Procedure, service of process upon an individual may be made by:

- 4 -

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Kentucky service rules provide for service upon an individual by delivering a copy of the summons and complaint to the individual personally, or else by delivering a copy of each to "an agent authorized by appointment or by law to receive service of process for such individual." KY. R. CIV. P. 4.04(2).

Neither party suggests that Lee attempted service either personally or by leaving a copy at Judge George's dwelling or usual place of abode. Rather, Lee asserts that he has accomplished service by delivering a copy of the complaint to an agent authorized by appointment or by law to receive service of process for Judge George, namely, the clerk of the Jefferson County Circuit Court, Family Division.

However, Lee has provided no reason to believe that Judge George ever appointed the clerk to accept service of process on Judge George's behalf. Moreover, Judge George's response states that he has never authorized any individual to accept service on his behalf. Thus, Lee has not met his burden of showing that he properly made service to an individual authorized by appointment to receive service of process.

Nor has Lee shown that the clerk was authorized by law to receive service of process for the judge. Lee points to no law suggesting that a clerk of court is authorized to receive service of process for judges, whether the judges are sued in their individual or official capacities, and this court has found no such law.

In addition, Lee's attempt to serve process upon Judge George suffers from one other deficiency. Lee's papers make clear that he was the one who attempted to serve the summons and complaint. However, Rule 4(c)(2) of the Federal Rules of Civil Procedure requires that service be effected by a person who is not a party in the action. Since Lee is a party to the action, his attempt to serve process upon Judge George renders the service improper. *See Speelman v. United States*, 461 F. Supp. 2d 71, 74 (D.D.C. 2006) (service insufficient where plaintiff served complaint).

In short, it is apparent that Lee did not properly serve Judge George with the summons and complaint. Lee argues that Judge George never stated in his response papers that he did not receive the documents on October 31, 2011, and thus, the method by which he was served is immaterial. However, that is not the law. Due process requires proper service of process in order to obtain in personam jurisdiction over a defendant. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Thus, the fact that the complaint ultimately ended up in Judge George's hands, perhaps even on October 31, 2011, is of no importance. All that matters for the purpose of resolving Lee's motions to strike and for default judgment is that Lee has not shown that he properly served Judge George.

**JUDGE GEORGE'S MOTION TO DISMISS**

Judge George contends that Lee's complaint should be dismissed for the following reasons: (1) the Eleventh Amendment bars Lee's suit against Judge George; (2) Judge George, in his official capacity, is not a "person" under 42 U.S.C. § 1983; (3) this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; and (4) Lee's complaint does not set forth a justiciable controversy.

Judge George is correct that this court must dismiss Lee's complaint. Under the *Rooker-Feldman* doctrine, federal district courts are precluded from adjudicating "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine is premised on the fact that "appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court." *Id.* at 283. The *Rooker-Feldman* doctrine applies in the following two types of cases originating in state-court:

> (1) cases where appellate remedies have been exhausted in state court and issues raised and decided in the state courts are presented to the federal district courts for reconsideration; and (2) cases where the federal claims asserted turn so directly on state court judgments that the federal district courts must review the state court judgments to resolve the federal claims.

*Johnson v. Ohio Supreme Court*, 156 F. App'x 779, 782 (6th Cir. 2005).

Here, the basis for Lee's claims are that various of Judge George's orders violated Lee's constitutional rights or orders of the bankruptcy court. To review those claims, this court would have no choice but to examine the propriety of the underlying orders. In other words, Lee is seeking, in effect, to overturn Judge George's orders by having them declared unlawful. Thus, Lee's claims fall under the second category of cases in which the *Rooker-Feldman* doctrine

applies, i.e., "cases where the federal claims asserted turn so directly on state court judgments that the federal district courts must review the state court judgments to resolve the federal claims." *Johnson*, 156 F. App'x at 782.

But that does not end the inquiry into whether the *Rooker-Feldman* doctrine bars this court from exercising subject-matter jurisdiction over Lee's claims. The *Rooker-Feldman* doctrine is focused on challenges to "final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Further, in *Exxon Mobil Corp.*, 544 U.S. at 284, the Supreme Court emphasized the "narrow ground occupied" by the *Rooker-Feldman* doctrine. In doing so, the Supreme Court made clear that the doctrine "is 'confined to cases' like *Rooker* and *Feldman* themselves, where the plaintiffs 'filed suit in federal court after the *state proceedings ended*.'" *Shafizadeh v. Bowles*, 2012 WL 1139005, at *1 (6th Cir. Apr. 6, 2012) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284, 291).

The meaning of the phrases "final state-court judgments" and "after the state proceedings ended" are, as yet, unclear. For instance, it is not clear after the Supreme Court's decision in *Exxon-Mobil* if a challenge to an interlocutory order deemed final and appealable by the state trial court would be precluded by the *Rooker-Feldman* doctrine. *But see Vizgrand v. Supervalue Holding, Inc.*, 2007 WL 2413102, at *3 (E.D.Mich. Aug. 21, 2007) (holding that the doctrine applies equally to interlocutory and final state court judgments, but citing a pre-*Exxon-Mobil* case for that proposition). In fact, as the Sixth Circuit recently noted, it is still an open question whether *Rooker-Feldman* applies where a plaintiff files suit while a state appeal remains pending. *Shafizadeh*, 2012 WL 1139005, at *1.

Compounding the lack of clarity in the law is the fact that, on the existing record before the court, the procedural postures of the various proceedings in state court about which Lee complains are unclear. What can be definitively stated is that there are at least two separate cases involving Lee that were pending before Judge George, one under docket number 08CI504095 and the other under 08D503650-002 (*see* DN 17 Exhs. A & B). It appears that proceedings of some sort are continuing in both of those cases, as Lee attached to his motion for additional review for declaratory relief and injunctive relief two orders of Judge George–one under each docket number–issued in February of 2012, months after Lee initially filed his complaint in this court (DN 17).

Additionally, it is apparent that many, though not all, of the orders that Lee complains about were deemed to be final and appealable orders by Judge George. Specifically, the October 5, 2011, order that Lee should not interfere with Stanley's business or professional relationships states that it is a final and appealable order. So, too, both orders awarding Stanley attorney fees state that they are final and appealable. Additionally, the June 8, 2011, order sentencing Lee to thirty days' jail for contempt states that it is a final and appealable order. Likewise, the February 17, 2012, order, which extended the order of protection against Lee and which Lee complained about in his motion for additional review for declaratory relief and injunctive relief, is a final and appealable order. However, it is unclear whether Lee took any appeals from those orders and, if so, what the statuses of any such appeals are. Moreover, the remaining orders about which Lee complains either do not state that they are final and appealable, or else the final page of the order was not provided.

But this court need not resolve the legal or factual issues in this particular case. That is because Lee's complaint must be dismissed pursuant to the *Younger* abstention doctrine. "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008); *see Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639-640 (6th Cir. 1990); *see also J.F. v. DeSanti*, 653 F.2d 1080, 1084 (6th Cir. 1981) (concluding that "even minimal interference with . . . a state proceeding" requires abstention). Abstention in civil cases is appropriate where the pending state case involves "important state interests" and the state proceeding affords the plaintiff an adequate opportunity to raise constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, there is little doubt that Lee's suit seeks to interfere with the state proceedings in the two cases to which Lee is a party that are pending in Judge George's court. He is seeking declaratory judgments that certain of Judge George's orders are unlawful and he seeks a permanent injunction prohibiting enforcement of the orders and barring Judge George from further involvement in the cases to which Lee is a party. *See Shahfizadeh*, 2012 WL 1139005, at *2 (state litigant's federal suit would grossly interfere with state divorce case where litigant sought an injunction directing judge who presided over the divorce to remove himself from the case). Additionally, the state proceedings involve important state interests. Child custody and divorce issues are clearly important state interests. *See, e.g.*, *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (explaining that domestic relations issues are important state interests); *see also Shafizadeh*, 2012 WL 1139005, at *2 (holding that divorce, the proper division of marital property, and enforcement of a divorce court's orders are important state interests). Likewise,

there is little doubt that Judge George's orders concerning his finding that Lee was in contempt implicate important state interests. *See Judice v. Vail*, 430 U.S. 327, 335 (1977); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (noting that states have an interest in enforcing the orders and judgments of their courts). Finally, it is beyond dispute that the state courts afford Lee an adequate opportunity to raise grievances concerning Judge George and his orders. *See Shafizadeh*, 2012 WL 1139005, at *2 (appellate process in Kentucky courts provided adequate opportunity for plaintiff to raise his claims concerning the defendant state court judge).

Because Lee's suit in this court would interfere with ongoing state proceedings that involve important state interests and that provide him an opportunity to raise his federal claims, *Younger* abstention applies and Lee's complaint will be dismissed.

## CONCLUSION

Lee's motions for a default judgment and to strike Judge George's motion to dismiss will be denied. Judge George's motion to dismiss will be granted and this action will be stricken from this court's active docket. The remainder of Lee's motions will be denied as moot.

```
cc:  Plaintiff, pro se
     Counsel of Record
```